## SUPREME COURT.

### THE BRIDGEWATER PAINT MANUFACTURING COMPANY agt. DANIEL MESSMORE.

After a defendant has put in and *justified bail*, he cannot move for a discharge from the arrest. This, however, applies only to those stages of the action which *precede the judgment*.

If an execution be issued against the defendant's person, he may move to set it aside as not warranted by the facts: and it would be no answer to his application to say that he had allowed himself to be arrested by preliminary process.

Bridgewater Paint Manuf. Co. agt. Messmore.

*New - York Special Term, December,* 1857.

DEFENDANT in this case was arrested and held to bail for money received in a fiduciary capacity, and after the justification of bail, he made a motion to be discharged from arrest, upon affidavits denying, as he alleged, the facts stated in plaintiff's affidavit, as the grounds of the arrest in this action.

LUMAN SHERWOOD, *for motion.*
JNO. O. ROBINSON, *opposed,*

Who stated as a preliminary objection, that such motion could not be made after the perfecting of bail. That such was the rule under the old practice, and such is the rule under the Code. (§ 204 *of Code;* 2 *Abbott,* 384; 1 *Duer,* 645; 3 *Sand.* 706.)

SHERWOOD denied that the reason of the old rule applied to the present practice, and cited (*Corwin* v. *Freeland,* 2 *Seld.* 560,) as overruling all the former authorities upon this point.

ROOSEVELT, Justice. The language of the Code, as well as the authorities, are clear on this point, that after the defendant has put in and justified bail, he cannot move for a discharge from the arrest. Whatever is said of the reasoning, the rule is settled. It applies, however, only to those stages of the action which precede the judgment. The object of the arrest, as well as of the bail, is to secure the defendant's appearance whenever called for, at and previous to the judgment, and on the service of process to enforce it. (*Code,* § 187.)

That being accomplished, the bail is *functus officio,* and the estoppel created by giving it, ceases. Should an execution be taken out against the defendant's person, he may move to set it aside, as not warranted by the facts; and it would be no answer to his application to say that he had allowed himself, on the same facts, to be arrested by preliminary process. A quiet submission to one wrong may provoke, but does not

justify another. Estoppels are not extended by implication. They are confined to the precise matter embraced in them. Although, therefore, the defendant cannot be relieved from an arrest which he has acquiesced in, he may be from an execution, as to the form of which, except incidentally, he has never been heard.

The present motion cannot be granted, but the denial is without prejudice to any motion which may hereafter be made to stay or discharge an execution against the person of the defendant.